United States District Court
Eastern District of Texas

Edic Luna Perez
v
Warden of FCI Seagoville

No.

Habeas Corpus (28 §2255)

Case History

District Case No. 20-cr-00005
District Judge: Gilstrad
Charge: Title 21 §841 — Possession of Meth with intent to deliver
Disposition: Plea Bargain
Sentenced to 135 months on 12/17/2021
Direct Appeal: No
Deadline to file collateral attack: 12/31/2022

Summary of Claims

1) Counsel was instructed to file a Notice of Appeal ("NOA") and did not do so in violation of Garza v Idaho, 139 S.Ct. 738 @742 (2019).

2) Counsel failed to consult with Perez regarding the decision to appeal, after Perez demonstrated an interest in appealing.

Claim 1 — Counsel did not file a NOA when requested to do so

Facts:
- Mr Perez does not speak english, and only knows basic words such as "yes" and "know"
- Perez was provided two translators by the court
- Perez told counsel via an interpreter, that he wanted to appeal
- Perez does not rember which of the interpreters he used to tell this to counsel
- Perez does not know whether the interpreter actually relayed this to counsel, because he does not speak english in order to know what was said

Prejudice: (presumed)
it is "well established that a counsel's failure to file or perfect an appeal when the defendant requests one amounts to a per se denial of the right to appeal. cite. Under such circumstances, 'prejudice is presumed when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken' and 'no further showing from the defendant of the merits of his underlying claims' is required" (Keith Washington vs US, No. 20-cv-00848, Lexis 233958 (N.D.Tex Nov-3-2021) quoting Garza vs Idaho, 139 S.Ct. 738 @747 (2019)).

Standard
"if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal ... the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal" US v Tapp, 491 F.3d 263 @266 (CA5 2007).

Argument

It is "more likely than not" that Perez asked for an appeal. It is immaterial that he did so via the interpreter. Both after the plea colloquy and after sentencing, Mr Perez spoke with friends and family about appealing as a general matter. See Affidavit from same. It is unlikely that a defendant would tell family that he is going to appeal, if he did not tell his lawyer (the person who will actually do the appeal) to file an appeal. Accordingly, the court should find that Mr Perez "more likely than not" requested an appeal.

Claim 2  -  Counsel's failure to consult with Perez regarding decision to appeal

Facts:
- Mr Lawhorn did not ask Mr Perez if he wanted to appeal
- Mr Perez at all times indicated a willingness to appeal
- Mr Perez never indicated to counsel that he did not want to appeal
- 

Prejudice:
"Prejudice is presumed when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken" (Garza v Idaho, 139 S.Ct. 738, @747 (2019)).

Standard:
"Counsel performs deficently in failing to consult with a defendant about the right to an appeal only when there is a reason to think that
(1) a rational defendant would want to appeal (ie there is a nonfrivolous basis for appeal), or
(2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing" (US v Tremal Rowe, Lexis 208091, No. 20-00732 (W.D.Tex Oct-28-2021)

Argument
    Mr Perez did demonstrate an interest in appealing in several different ways. First the defendant notes that counsel has a "duty to recognize when, however inartfully or inarticulately, his client demostrates an interest in appealing" (US v Pham, 722 F.3d 320 @325 (CA5 2013)), and any predicted outcomes are irrelevant. See Thompson v US, 504 F.3d 1203 @1207 (CA11 2007) ("simply asserting the view that an appeal would not be successful does not constitute 'consulatation' in any meaningful sense").

    When the sentence was handed down, Mr Perez expressed interest in further proceedings to change the outcome. Mr Perez told one of the translators "An pasado mas de diez anos, quiero aser algo sobre ello" and thereby expressed an interest in appealing his sentence sufficient to trigger a duty to consult.

    At various points during sentencing, Mr Perez heard mention of firearms. Mr Perez disputes any involvement of guns and told counsel "No use armas de fuego, de donde

agararon esa idea? Quiero alegar ese cargo" and thereby demonstrated an interest in appealing sufficient to trigger a duty to consult. At the conclusion of sentencing, Mr Perez also stated more generally that he wanted to appeal.

Counsel also had a duty to consult because it is emminetly rational that a defendant who does not speak spanish "would want to appeal" and discuss what to bring up on appeal with a new lawyer. Such choices would include "the right to challenge whether the waiver itself is valid and enforceable --for example, on the grounds that it was unknowing or involuntary". Garza @745. But in any event, Mr Perez does not need to identify what or how the appeal would go. See ID@748 (expressly rejecting proposal that defendant must identify either a non-waived issue or a meritorious ground despite waiver).

Wherefore, the defendant requests that he be allowed to appeal out-of-time.

/s/_____

Date: